**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 07-cv-01262-REB

DAVID C. INGMIRE,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

**AMENDED ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION[1]**

**Blackburn, J.**

    The matters before me are (1) plaintiff's **Complaint** [#1], filed June 15, 2007, seeking review of the Commissioner's decision dismissing plaintiff's claims for disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. § 401, *et seq*; and (2) plaintiff's **Contested Motion To Strike** [#46], filed May 19, 2008. The matters have been fully briefed, obviating the need for oral argument. I find and conclude that the Commissioner's decision to dismiss plaintiff's claims does not constitute a final decision reviewable under 42 U.S.C. § 405(g). Therefore, I dismiss plaintiff's appeal for lack of jurisdiction and deny the motion to strike.

    In August, 2003, plaintiff filed a claim for disability insurance benefits, alleging that he had been disabled since February 7, 2001, due to lower back and leg pain, headaches, a torn muscle in the lower abdominal and associated nerve damage and

---

[1] This order is amended to correct a clerical error in the ultimate orders of the court.

pain, and loss of bowel control. (Tr. 355-357, 362.)[2] That claim was denied on initial review because "[t]he evidence does not show that your condition was disabling on or before 12/31/02, the date that your Social Security Disability coverage ended." (Tr. 351.) The letter plaintiff received from the Commissioner plainly notified him that he had 60 days in which to submit a written request for a hearing to review the unfavorable decision, explained how that period would be calculated, and advised him that "good reason" was required to request a hearing beyond the specified deadline. (Tr. 352-353.) Nevertheless, plaintiff did not request a hearing within the 60-day deadline or at any time thereafter.

Plaintiff filed the instant claim for disability insurance benefits on July 21, 2004, again alleging disability since February 7, 2001, due to low back and lower extremity pain and numbness. That claim was denied as barred by res judicata, and plaintiff requested a hearing before an administrative law judge. That hearing was held on October 30, 2006. The ALJ concluded that plaintiff's 2004 application involved the same facts and issues that had been determined adversely to him in the 2003 application, that the earlier decision had become binding as the result of plaintiff's failure to appeal, that there was no basis for exercising his discretion to reopen the prior determination, and that consequently the request for hearing should be dismissed on the basis of res judicata. With respect to plaintiff's application for supplemental security income benefits, the ALJ found that plaintiff's claim had been denied initially due to excess resources and that because plaintiff failed to appeal that determination, the issues inherent to that

---

[2] In addition, plaintiff filed a claim under Title II in August, 2000, which was denied on initial review. Plaintiff did not appeal that determination either. (*See* Tr. 254-261.)

2

application were not before him.[3]

Pursuant to 42 U.S.C. § 405(g), an aggrieved claimant may appeal to the federal district court "any final decision of the Commissioner of Social Security made after a hearing to which he was a party." Thus, "a 'final decision' is a statutorily specified jurisdictional prerequisite." **Weinberger v. Salfi**, 422 U.S. 749, 766, 95 S.Ct. 2457, 2467, 45 L.Ed.2d 522 (1975). What constitutes a "final decision" is left to the Commissioner to determine pursuant to regulation. **Id.** (citing 42 U.S.C. § 405(a)). "The statutory scheme is thus one in which the [Commissioner] may specify such requirements for exhaustion as he deems serve his own interests in effective and efficient administration." **Id.**

The Commissioner's apposite regulations provide that a "final decision" reviewable by a federal district court results only after the claimant has proceeded *seriatim* through each of four steps: initial determination, reconsideration,[4] hearing before an administrative law judge, and Appeal Council review. 20 C.F.R. § 404.900(a)(5).[5] Accordingly, the long-standing law in this circuit has been that "[t]he [Commissioner's]

---

[3] Neither the original nor supplemental transcripts of the administrative record include any documents showing that plaintiff filed a claim for supplemental security income benefits or what the disposition of that claim was. The Commissioner, however, has attached the application and unfavorable initial determination as exhibits to his response brief. Plaintiff has moved to strike these documents. (**See Contested Motion To Strike** [#46], filed May 19, 2008.) This motion is not well-taken. Plaintiff does not deny that he filed an application for supplemental security benefits; in fact, it seems clear that he wishes to assert that he did so. Nor does claim that the documents are fabricated or inaccurate or that he did not receive notice of the Commissioner's initial determination or that he otherwise cannot be charged with the apparent waiver of his right to appeal.

[4] Plaintiff's claim was selected to be part of a pilot program which dispenses with the intermediary step of reconsideration. **See** 20 C.F.R. § 404.906.

[5] At each of these steps, if the claimant is dissatisfied with the Commissioner's decision, he may request review within a specified time. **See** 20 C.F.R. §§ 404.904, 404.909(a), 404.920, 404.933(b), 404.955. At any step in the process, if the claimant fails to seek review within the specified time, the Commissioner's decision becomes binding on all parties. **See id.** §§ 404.905, 404.921, 404.955, 404.981.

3

decision not to reopen a previously adjudicated claim for benefits is discretionary and, therefore, is not a final decision reviewable under 42 U.S.C. § 405(g)." **Brown v. Sullivan**, 912 F.2d 1194, 1196 (10th Cir. 1990). Absent a colorable constitutional claim, there is no federal court jurisdiction to review the Commissioner's discretionary decision to reopen or his determination that a claim for benefits is barred by res judicata. **See Califano v. Sanders**, 430 U.S. 99, 107-09, 97 S.Ct. 980, 985-86, 51 L.Ed.2d 192 (1977); **Brown**, 912 F.2d at 1196.[6]

Although plaintiff makes general and passing reference to his due process rights, he presents no colorable constitutional claim here. **See Popp v. Secretary of Health and Human Services**, 1988 WL 147419 at *2 (D. Kan. Sept. 26, 1988) (noting that "[d]ue process requires that a claimant receive meaningful notice and an opportunity to be heard before a claim for disability benefits may be denied").[7] The record clearly reflects that plaintiff was advised of his right to appeal the initial determination, and his attorney admitted to the ALJ at the hearing that he was not prevented from exercising it. (**See** Tr. 219.) Nor was there any *de facto* reopening of the prior determination. **Cf. Taylor for Peck v. Heckler**, 738 F.2d 1112, 1115 (10th Cir. 1984). The ALJ here expressly addressed the res judicata issue with respect to plaintiff's claim for disability insurance benefits under Title II and only allowed plaintiff to present merits evidence in

---

[6] Concomitantly, this bar includes the Commissioner's determination that medical evidence is not sufficiently new or material to warrant reopening, as was found here. (Tr. 9.) **See London v. Apfel**, 1999 WL 1244475 at *2 (10th Cir. Dec. 20, 1999) (citing **Dvareckas v. Secretary of Health & Human Services**, 804 F.2d 770, 772 (1st Cir. 1986)).

[7] The ALJ considered whether plaintiff suffered from any mental illness that might have prevented him from litigating his claim, but found no evidence of such a condition. (Tr. 9.) **See Social Security Ruling** 91-5p, *available at* 1991 WL 208067(SSA July 1, 1991); **Popp**, 1988 WL 147419 at *2.

4

connection with his purported claim for supplemental security income benefits under Title XVI. (*See* Tr. 223.) *See Kirkland v. Apfel*, 1999 WL 614525 at *4 & n.2 (10th Cir. Aug. 13, 1999). Therefore, I find and conclude that I lack jurisdiction to consider plaintiff's claim for disability insurance benefits.

Regarding plaintiff's claim for supplemental security income benefits, I find no error in the ALJ's conclusion that the issues implicated by that application were not before him. (Tr. 10.) Although plaintiff complains that the ALJ apparently relied on documents that are not part of the administrative record in noting that the claim was denied due to excess resources,[8] he does not challenge the ALJ's more pertinent finding – that plaintiff never appealed the denial of that application, on whatever basis, following initial determination. As plaintiff presents neither evidence nor argument to contradict that conclusion, I have no jurisdiction to consider it on the merits. *See* 20 C.F.R. § 416.1405.

**THEREFORE IT IS ORDERED** as follows:

1. That plaintiff's appeal is **DISMISSED** for lack of jurisdiction; and

2. That plaintiff's **Contested Motion To Strike** [#46], filed May 19, 2008, is **DENIED**.

Dated February 9, 2009, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge

---

[8] The ALJ told plaintiff's counsel at the hearing that he had no record of plaintiff's claim for supplemental security income benefits. (Tr.221-223.)

5